United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK A. DEMAY, et al.,

    Plaintiffs,

    v.

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

Case No. 16-cv-04733-HSG

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 27

Pending before the Court is the motion to dismiss filed by Defendant Wells Fargo Home Mortgage, Inc. Dkt. No. 27. For the reasons articulated below, the Court GRANTS the motion.

I.    **BACKGROUND**

    A.    **Factual Background[1]**

    In 2006, Plaintiffs Jack and Nancy Demay obtained a mortgage loan for their home located at 8985 W. Verde Way, in Las Vegas, Nevada. Dkt. No. 28 ("RJN"), Ex A.[2] Plaintiffs then filed for Chapter 13 bankruptcy in November 2009. Dkt. No. 24 ("FAC") ¶ 17. They included the mortgage loan for their home on the bankruptcy schedule. *Id.* ¶ 18. In lieu of postpetition payments, Plaintiffs' final modified bankruptcy plan provided for the "surrender [of] the Property to [Wells Fargo] in full satisfaction of the debt . . . ." *Id.* ¶ 21 (quotation omitted). Plaintiffs also reserved the right to participate in the Nevada Foreclosure Mediation Program. *Id.* ¶ 22. Plaintiffs

_____

[1] The Court accepts the following facts as true for purposes of this motion to dismiss. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).
[2] Wells Fargo asks the Court to take judicial notice of a variety of documents. Dkt. No. 28. Because the parties do not object, the Court GRANTS the request for judicial notice of Plaintiffs' mortgage loan agreement and bankruptcy discharge order. *See* Fed. R. Evid. 201(b). Because the Court does not rely on any of the other documents, Wells Fargo's request for judicial notice is otherwise DENIED AS MOOT.

allege that they then "performed all obligations required to carry out the effect of their intent to surrender" the property to Wells Fargo. *Id.* ¶ 23. The bankruptcy court confirmed Plaintiffs' final Chapter 13 plan and entered a discharge order in August 2015 that discharged Plaintiffs' debts that were not otherwise subject to statutory exemption. *Id.*; RJN, Ex. H. The following month, in September 2015, Wells Fargo obtained Plaintiffs' consumer credit reports from Equifax. FAC ¶ 29. According to Equifax, Wells Fargo requested the reports for "Account Review" purposes. *Id.*

### B. Procedural History

On August 17, 2016, Plaintiffs filed this putative class action against Wells Fargo, alleging that it violated the Fair Credit Reporting Act ("FCRA" or the "Act") by impermissibly obtaining their consumer credit reports. Dkt. No. 1. Plaintiffs allege that Wells Fargo impermissibly pulled their credit reports because Plaintiffs' bankruptcy discharge terminated any relationship with the bank. FAC ¶¶ 24, 31. On October 17, 2016, Wells Fargo moved to dismiss the complaint and strike the class allegations. Dkt. Nos. 17, 18. Rather than oppose the motion, Plaintiffs amended the complaint. Dkt. No. 24. Wells Fargo now moves to dismiss the amended complaint. Dkt. No. 27.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must provide more than conclusory statements or "a formulaic recitation of the elements of a cause of action" for the court to find a facially plausible claim. *Id.* at 555. Rather, the complaint must present facts which allow "the reasonable inference" of a defendant's liability for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

# III.    ANALYSIS

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  In service of these goals, the Act imposes limitations on the use of consumer credit reports. *See generally* 15 U.S.C. §§ 1681b *et seq.*  Specifically, the FCRA prohibits third parties from accessing consumer credit reports without a statutorily authorized (*i.e.*, a "permissible") purpose. *Id.* § 1681b(f)(1).  The FCRA provides a private right of action for both willful and negligent violations. *Id.* §§ 1681n, 1681o.

To assert a claim against a party for requesting a consumer credit report without a permissible purpose, a plaintiff must establish:  (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report. *See VanDyke v. N Leasing Sys., Inc.*, No. CIV.S. 07-1877 FCD GGH PS, 2009 WL 3320464, at *3 (E.D. Cal. 2009).

Because Wells Fargo does not dispute that it obtained Plaintiffs' consumer credit report after their bankruptcy discharge, the Court need only analyze whether Plaintiffs adequately allege (1) that Wells Fargo acted without a permissible purpose, and (2) that such action was willful or negligent.  The Court addresses each in turn.

## A.    Permissible Purpose

Plaintiffs have not adequately alleged that Wells Fargo acted without a permissible purpose in obtaining Plaintiffs' credit reports.  The FCRA provides that a creditor may access a consumer's credit report under two discrete circumstances:  (1) "in connection with a credit transaction . . . involving the extension of credit to, or review or collection of an account of, [that] consumer"; or (2) pursuant to a "legitimate business need" for the information.  15 U.S.C. § 1681b(a)(3).  A legitimate business need, in turn, only exists for a business transaction initiated by the consumer or to review a consumer account "to determine whether the consumer continues to meet [its] terms . . . ." *Id.* § 1681b(a)(3)(F).  The consumer carries the burden of establishing that the defendant's actions fell outside these permissible purposes. *See Thomas v. U.S. Bank,*

*N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009);[3] *Thao Pham v. Solace Fin., LLC*, No. 12-C-02413 RMW, 2012 WL 5471160 (N.D. Cal. 2012).

Plaintiffs allege that Wells Fargo lacked a permissible purpose for accessing their credit reports after their bankruptcy discharge. FAC ¶ 31. According to Plaintiffs, the discharge eliminated their mortgage debt and consequently severed any ongoing credit relationship with Wells Fargo. *Id.* ¶¶ 24, 32.

Plaintiffs' argument disregards the limited scope of bankruptcy discharges under Chapter 13. Mortgage-related debts are generally non-dischargeable under Chapter 13 because Chapter 13 bankruptcy plans cannot modify any claims secured by a debtor's principal residence. *See* 11 U.S.C. § 1322(b)(2); *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002); *In re Rodriguez*, 421 B.R. 356, 364 (Bankr. S.D. Tex. 2009) ("[C]laims held by home mortgage lenders are not discharged at the conclusion of a successful chapter 13 bankruptcy case."). Although § 1322(b)(5) provides an exception for the "curing of any default" and "maint[aning] of payments" on claims due after the Chapter 13 proceeding, the scope of § 1322(b)(5) is still narrow. *See In re Rodriguez*, 421 B.R. at 365. Section 1328(a)(1) explicitly states that modifications under § 1322(b)(5) do *not* discharge the underlying debt. *See id.*; *see also In re Dukes*, No. 9:09-bk-02778-FMD, 2015 WL 3856335, at *4 (Bankr. M.D. Fla. 2015). In light of this statutory framework, numerous courts have concluded that debts secured by a principal residence survive a Chapter 13 discharge. *See, e.g.*, *In re Rodriguez*, 421 B.R. at 366 (finding that "no statutory basis exists for discharging home mortgage debt"); *In re Hunt*, No. 14-02212-5-DMW, 2015 WL 128048, at *4 (Bankr. E.D. N.C. 2015) (holding that discharging home mortgage debt would be an impermissible loan modification under § 1322(b)(2)); *In re Wagner*, No. 06-30919, 2011 WL 2636841, at *3 (Bankr. S.D. Tex. 2011) ("[T]he rights of a secured home mortgage lender are generally unaffected by the discharge.").

None of Plaintiffs' authorities address these limitations under Chapter 13. *See, e.g.*,

---

[3] As an unpublished Ninth Circuit decision, *Thomas* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

*Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510, at \*8 (N.D. Ill. 2016);

*Souvigny v. Wells Fargo Home Mortg., Inc.*, No., 15 C 07465, 2016 U.S. Dist. LEXIS 99875, at

\*23 (N.D. Ill. 2016).  Instead, they rely on Chapter 7 bankruptcy cases without acknowledging a

key distinction:  under Chapter 7, debts secured by a principal residence *may* be discharged.  *See*

11 U.S.C. § 727(a); *see also Johnson v. Home State Bank*, 501 U.S. 78 (1991) ("A defaulting

debtor can protect himself from personal liability [for mortgage debt] by obtaining a discharge in a

Chapter 7 liquidation.").  And *Godby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 942 (S.D.

Ohio 2008), is itself a Chapter 7 case.

      Plaintiffs contend that their intended "surrender" nevertheless "effectively vested

Plaintiffs' interests in the property with [Wells Fargo]."  *See* Dkt. No. 30 at 4–5.  Even if the Court

could construe Plaintiffs' vague allegation of "intent to surrender" as actual surrender, a debtor's

surrender of real property does not, in and of itself, terminate the debtor's ownership or personal

liability for the property.  *See In re Batali*, BAP No. WW-14-1557-KiFJu, 2015 WL 7758330, at

\*9 (BAP 9th Cir. 2015).  In *In re Batali*, the plaintiffs argued that surrendering their condominium

through a confirmed Chapter 13 plan and bankruptcy discharge extinguished their liability for

ongoing HOA fees.  *See id.* at \*3.  The court rejected this argument and instead found that the

plaintiffs "had not divested themselves of their legal and equitable ownership interests in [the

condominium]" because they retained title to the property.  *Id.* at \*9.  The court reasoned that a

confirmed Chapter 13 plan "[did] not substitute for a deed" as a means of conveying real property.

*Id.*  Accordingly, the court held that plaintiffs would remain personally liable for the HOA fees

until either foreclosure or a transfer of deed.  *Id.* at \*8–\*9; *see also In re Rosa*, 495 B.R. 522, 523

(Bankr. D. Haw. 2013) ("[S]urrender does not transfer ownership of the surrendered property.

Rather, 'surrender' means only that the debtor will make the collateral available so the secured

creditor can, if it chooses to do so, exercise its state law rights in the collateral."); *Goudelock v.*

*Sixty-01 Ass'n of Apartment Owners*, No. C15-1413-MJP, 2016 WL 1365942, at \*3 (W.D. Wash.

2016) (affirming that the plaintiff retained her legal interest in surrendered real property until

foreclosure).

      Here, Plaintiffs do not allege that Wells Fargo foreclosed on the property, that Plaintiffs

transferred title, or even that they vacated the property prior to Wells Fargo obtaining their credit reports. *See* FAC ¶¶ 21–26. To the contrary: Plaintiffs reserved the right to enroll in the Nevada Foreclosure Mediation Program, indicating their continued interest in the property. *See id.* ¶ 22. Because Plaintiffs' mortgage debt is non-dischargeable and would remain unaffected by mere surrender, the Court finds that Plaintiffs have not sufficiently alleged that Wells Fargo accessed Plaintiffs' consumer credit reports without a permissible purpose.

### B. Willfulness and Negligence

Plaintiffs similarly fail to allege that Wells Fargo acted willfully or negligently in pulling their credit reports. The FCRA provides a private right of action for willful or negligent violations. 15 U.S.C. §§ 1681n, 1681o. To prove a willful violation, a plaintiff must show that a defendant knowingly or recklessly violated the FCRA. *Safeco*, 551 U.S. at 57. "[A] violation is only reckless (and therefore willful) where [a defendant] adopts a reading of the statute that runs a risk of error '*substantially greater than* the risk associated with a reading that was merely careless.'" *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017) (quoting *Safeco*, 551 U.S. at 69) (emphasis in original). To prove a negligent violation, a plaintiff must show that a defendant's negligent noncompliance resulted in actual damages. 15 U.S.C. §§ 1681n, 1681o; *see also Guimond v. Trans Union Credit Info., Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (holding that a claim of negligent noncompliance requires a plaintiff to plead actual damages).

Because the Court finds that Plaintiffs have failed to plead an FCRA violation, the Court need not reach this issue. Nevertheless, the Court notes that Plaintiffs' complaint contains only conclusory allegations that Wells Fargo acted either willfully or negligently and does not contain any allegation of actual damages. *See, e.g.*, FAC ¶ 39 (Wells Fargo's actions "were willful . . . because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss with leave to amend. Despite the deficiencies identified above, the Court cannot say at this stage that amending the complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

6

2000). Accordingly, Plaintiffs may, consistent with their Rule 11 obligations, file an amended complaint within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 11, 2017

_Haywood S. Gilliam Jr._

HAYWOOD S. GILLIAM, JR.
United States District Judge